Ms. Mary C. Anderson c/o Judy Besancon, Office Administrator Arkansas Department of Health and Human Services Office of Chief Counsel Post Office Box 1437-Slot S260 Little Rock, AR 72203-1437
Dear Ms. Anderson:
I am writing in response to your request, made pursuant to A.C.A. §25-19-105(c)(3)(B)(i), which is contained within the Arkansas Freedom of Information Act (the "FOIA"), A.C.A. §§ 25-19-101 — 109 (Repl. 2002 and Supp. 2005),[1] for my opinion regarding the propriety of your provisional decision to provide an FOIA requestor with various documents contained within the personnel file of an employee of the Arkansas Department of Health and Human Services ("DHHS"). As custodian of records, you have reportedly informed the employee that "[d]ocuments will be released in their entirety except those areas that are specifically exempt by the Arkansas Freedom of Information Act, such as social security number, home address, performance evaluations, and medical records." Having not been provided with a copy of the personnel file, I cannot review the propriety of your provisional decision regarding the disclosure of particular records. Under the circumstances, I can do no more than set forth the standard you should apply in making this determination.
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
"Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2005). Given that the subject of the request is a state employee, I believe the records at issue clearly qualify as "public records" under this definition.
As my predecessor noted in Op. Att'y Gen. No. 99-305:
If records fit within the definition of "public records". . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law. The "unwarranted invasion of personal privacy" exemption is found in the FOIA at A.C.A. § 25-19-105(b)[12]. It exempts from public disclosure "personnel records to the extent that disclosure would constitute clearly unwarranted invasion of personal privacy. . ." The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record" within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. No. 1999-147, citing Watkins, The Arkansas Freedom of Information Act (m m Press, 3rd Ed., 1998) at 134.
Accord, Ark. Ops. Att'y Gen. Nos. 2006-141 and 2001-122.
As my predecessor noted, under the relevant statute, "personnel records" are open to public inspection and copying except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2005). The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the custodian must disclose the personnel records. As the court noted in Young:
The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be tolerated. Thus, section25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
308 Ark. at 598. However, as the court noted in Stilley v. McBride,332 Ark. 306, 312, 965 S.W.2d 125 (1998), when "there is little relevant public interest" in disclosure, "it is sufficient under the circumstances to observe that the employees' privacy interest in nondisclosure is not insubstantial." Given that exemptions from disclosure must be narrowly construed, it is the burden of an individual resisting disclosure to establish that his "privacy interests outweighed that of the public's under the circumstances presented." Id. at 313. The fact that the subject of any such records may consider release of the records an unwarranted invasion of personal privacy is not relevant to the analysis. See Ark. Ops. Att'y Gen. Nos. 2001-112; 2001-022; 94-198; 94-178; and 93-055; Watkins, supra at 126. The test is an objective one. See, e.g., Ark. Op. Att'y Gen. 96-133.
My predecessors and I have consistently opined that basic employment information and salaries of public employees are subject to public inspection and copying. See, e.g., Ark. Ops. Att'y Gen. Nos. 2005-051; 2003-298 and 2002-087. This office has further previously concluded that the names, races, dates of hire and job titles of public employees are subject to disclosure under the FOIA. See, e.g., Ark. Ops. Att'y Gen. Nos. 95-012 and 91-351. The public interest in this type of information is substantial and any potential privacy interest does not outweigh it.
You have indicated your intention to redact from the personnel file information such as the employee's social security number, home address and medical records. In my opinion, these redactions are appropriate. Section 25-10-105(b)(13) of the Code exempts from disclosure the home addresses of nonelected state employees — a category that includes the DHHS employee at issue in your request. This office has further opined on numerous occasions that social security numbers are not subject to disclosure under the FOIA. See, e.g., Ark. Ops. Att'y Gen. Nos.2007-013; 2006-035; 2003-153; 93-300; and 91-003. Medical records are further exempt from disclosure pursuant to A.C.A. § 25-19-105(b)(2). This office has consistently interpreted the term "medical records" as used in the FOIA to mean "records containing information relating to the treatment or diagnosis of a medical condition." See, e.g., Ark. Ops. Att'y Gen. Nos. 2007-025; 2000-130; 99-110; 98-202; and 89-147.
You have further expressed an intention to withhold from disclosure any "performance evaluations" that might be contained in the file. "Employee evaluation or job performance records" are releasable only if various conditions have been met. Subsection 25-19-105(c)(1) of the Code provides in pertinent part:
[A]ll employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure.
The FOIA does not define the term "employee evaluation or job performance records" as used in A.C.A. § 25-19-105(c), nor has the phrase been construed judicially. This office has consistently taken the position that any records that were created by or at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records. See, e.g., Ark. Ops. Att'y Gen. Nos. 2006-111; 2006-038; 2006-035; 2005-030; 2004-211; 2003-073; 98-006; 97-222; 95-351; 94-306; 93-055. The record must also have been created for the purpose of evaluating an employee. See, e.g., Ark. Op. Att'y Gen. No. 2006-038; 2004-012. The exemption promotes candor in a supervisor's evaluation of an employee's performance with a view toward correcting any deficiencies. See J. Watkins R. Peltz, The Arkansas Freedom of Information Act (m m Press, 4th ed. 2004), at 196.
If, as you suggest in itemizing what you intend to withhold, the personnel file contains employee evaluations, you will need to determine whether the factual predicates recited in A.C.A. § 25-19-105(c)(1) exist and would hence warrant withholding the documents. To the extent any of the records formed a basis for administratively resolved disciplinary proceedings, the pertinent issue, with respect to the employee evaluation/job performance records, is whether a compelling interest in disclosure of these documents exists. This is ultimately a factual determination for you to make.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The Act has also been recently amended by Acts 268, 726 and 998 of 2007.